

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# USA v. Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Washington" (2007). *2007 Decisions.* Paper 23.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/23

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4188

UNITED STATES OF AMERICA

v.

LEROY WASHINGTON,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 05-cr-00275)
District Judge: Honorable Stanley R. Chesler

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,[*] District Judge

(Opinion filed: December 20, 2007)

OPINION

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Appellant Leroy Washington challenges his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), arguing that the District Court deprived him of his right under the Fifth and Sixth Amendments to present a defense. We disagree, and thus affirm.

This prosecution began with a traffic stop by two detectives in Trenton, New Jersey in March 2005. The detective who approached Washington testified at trial that a phone call received by Washington during the stop made him believe that Washington had a gun in the car. He testified that he asked Washington to get out of the car. When Washington did so, he began to reach into his waistband area. The detective testified that, while attempting to place Washington in a pat and frisk position, he broke free and ran down the street, pulling a gun out of his waistband and running with it in his right hand. The detective testified that he attempted to follow Washington in his police car while the other detective chased Washington on foot. The chase resulted in the arrest of Washington and the recovery of an Armscor .45 caliber handgun loaded with eight rounds of ammunition.

Washington disputed the testimony of the detectives. He testified that he was pulled out of the car by one of the detectives. Washington also testified that he had obeyed all traffic laws and was alarmed by the officer's behavior. He stated that he had observed Trenton officers assault persons in the past and that the detectives' conduct

during the stop and its remote location led him to believe that he would be beaten by them. Washington stated that the detectives' testimony regarding his possession of a gun was untrue and presented evidence attempting to call into doubt their description of the chase. He did not dispute that he was a previously convicted felon.

The jury convicted Washington on the single count in the indictment and the District Court sentenced Washington to an 80-month term of imprisonment. Washington timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

Washington argues that the District Court deprived him of his right to put on a defense by prohibiting him from presenting evidence explaining why he fled from the detectives. The Government had presented evidence of Washington's flight and had indicated that it would argue that this flight created an inference of guilt. Counsel for Washington asked questions intended to elicit Washington's explanation that his fear of the officers caused him to flee. The Government objected as to relevance when Washington began to discuss his past experiences with law enforcement officers.

The District Court instructed counsel for Washington that it would be appropriate for Washington to offer testimony "narrowly tailored to what might rationally prompt a reason for flight as opposed to generalized instances of unfairness." Stating that it was unclear where Washington's testimony was leading, the Court then instructed counsel for Washington to "very gently lead him in the direction of the relevant testimony." After his counsel posed a few more questions to Washington, the Government objected again. At

3

side bar, the District Court asked counsel for Washington about the expected nature of his testimony. Counsel explained that Washington was likely to testify that he had seen Trenton officers act aggressively toward other people. The Court instructed counsel for Washington that "[g]eneralized aggressiveness is not going to cut it," but said that it would consider allowing testimony if a specific proffer were made that tied Washington's testimony to his state of mind. Counsel for Washington accepted that direction and continued to examine him. No proffer was made and Washington's ability to testify to his reasons for flight were not addressed again by the parties or the Court.

We explained in *United States v. Colletti*, 984 F.2d 1339, 1342 (3d Cir. 1992), that an issue is waived when counsel is instructed to make a specific offer of proof if he or she wishes to pursue a line of questioning and then does not attempt to make that offer. Because no attempt was made to proffer evidence tying Washington's past experiences to his state of mind at the time of the traffic stop, *Colletti* controls. He thus has waived any argument that the District Court erred by prohibiting testimony about his state of mind. Accordingly, we affirm its judgment.